IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RODRICK LACEY (#51607), | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3-06-0442 |
| | § | |
| GALVESTON COUNTY JAIL | § | |
| MAINTENANCE DEPARTMENT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Rodrick Lacey (#51607), is an inmate in the Galveston County Jail. Lacey has filed a civil rights complaint under 42 U.S.C. § 1983, complaining of injuries that he sustained after he slipped in the shower on May 31, 2006. Lacey proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Lacey has provided a more definite statement of his claims.[1] (Doc. # 21). After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.      BACKGROUND

Lacey is currently incarcerated in the Galveston County Jail awaiting trial on charges of burglary of a habitation. Lacey reports that he was arrested and booked into the Jail on May 6, 2006. During the intake process, Lacey told officials that he had injured his ribs prior

---

[1] On October 25, 2007, this case was reassigned pursuant to General Order No. 2007-10 to United States District Judge Melinda Harmon. This case is being handled by the undersigned by agreement of the judges.

to his arrest.[2]  On May 31, 2006, Lacey reportedly slipped in the shower, "re-injuring his ribs" and hurting his wrist. Lacey was examined at the Jail Medical Department following the incident. He was treated with ice packs and given medication (Ibuprofen) for pain. He complains, however, that he did not receive a "wrap" for his ribs or a CAT scan to evaluate the extent of his injury.

Lacey complains that the Jail Maintenance Department was negligent for failing to place a rubber mat in the shower to prevent his fall. Lacey complains further that, by failing to provide a wrap and a CAT scan to evaluate his injured ribs, officials at the Galveston County Jail denied him adequate medical care in violation of his constitutional rights. He does not seek monetary damages. Instead, he appears to seek only injunctive relief. The Court concludes that the complaint must be dismissed for reasons discussed below.

## II.     STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is

---

[2]  The Court takes judicial notice of Lacey's intake summary, which is in the record in another case. *See Lacey v. Galveston County Sheriff's Dep't*, Civil No. G-06-0441 (S.D. Tex.) (Doc. # 36, Exhibit 3, Jail Medical History and Screening). That summary reports that Lacey hurt his ribs on the left side approximately two days before his arrest, but that no bruises or swelling were noted. *See id.*

immune from such relief." 28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).  "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### III.  DISCUSSION

In this instance, Lacey fails to name a party having personal involvement in the incident that forms the basis for his claim or a party having legal capacity to be sued. Lacey further fails to establish municipal liability on the part of Galveston County. Likewise, Lacey's allegations do not rise to the level of a constitutional violation or show that he is entitled to relief. These issues are discussed briefly below.

#### A.  Lack of Personal Involvement or Legal Capacity

In his complaint, Lacey did not identify any individual having personal responsibility for his slip and fall in the shower on May 31, 2006, or the subsequent denial of medical care. Personal involvement is an essential element of a civil rights cause of action, meaning that there must be an affirmative link between the injury and the defendant's conduct. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) (citing *Rizzo v. Goode*, 423 U.S. 362,

371-72 (1976)).  In order to successfully plead a cause of action in § 1983 cases, a civil rights plaintiff must "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged."  *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Conclusory allegations or generalized assertions are not sufficient to state a claim; particular facts are required to specify the personal involvement of each defendant.  *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992); *Fee v. Herndon*, 900 F.2d 804 (5th Cir.), *cert. denied*, 498 U.S. 908 (1990).

When asked to name the individual or individuals responsible for his injuries, Lacey responded in his more definite statement that he blames the "Galveston County Jail Maintenance Department."  *Plaintiff's More Definite Statement*, Doc. # 21, ¶ 7(b).  When asked to name the individual responsible for denying him adequate medical care, Lacey stated that blamed the "Galveston County Jail Medical Department."  *Id* at ¶ 10(b). The Maintenance Department and the Medical Department are divisions of the Galveston County Jail, which is run by the Galveston County Sheriff's Department.  Thus, the only defendant identified in the pleadings is the Galveston County Sheriff's Department.

Under the rules, a party to a lawsuit must have the capacity to sue or be sued. *See* FED. R. CIV. P. 17; *Maxwell v. Henry*, 815 F. Supp. 213, 215 (S.D. Tex. 1993).  A department of a local governmental entity must "enjoy a separate legal existence" to be subject to suit.  *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). The Fifth Circuit has held that Texas law does not allow county or municipal police departments to sue or be sued directly.  *See id*. at 313-14.  The Galveston County Sheriff's Department

does not appear to qualify as an entity with capacity under the rules because it cannot sue or be sued. *See Jacobs v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued, "absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority'") (quoting *Darby*, 939 F.2d at 313-14); *Turner v. Dallas County Jail*, Civil No. 3:04-cv-2165 2006 WL 1388441, *3 (N.D. Tex. May 17, 2006) (acknowledging that the Dallas County Jail is not a "jural entity that can be sued"). Accordingly, Lacey fails to state a claim upon which relief can be granted against the Galveston County Sheriff's Department.

### B.     Municipal Liability

Assuming that Lacey sues Galveston County, he fails to allege facts demonstrating municipal liability in this instance. In order to attribute liability to a unit of local government under 42 U.S.C. § 1983, a plaintiff must establish the elements of a prima facie case and he must demonstrate that the county had a custom or policy that resulted in the constitutional injuries alleged. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Lacey, who complains that he was denied adequate medical care after he slipped in the shower on May 31, 2006, has failed to identify a custom, policy, or practice that was the moving force behind the alleged constitutional violation. In that respect, isolated violations are not sufficient to demonstrate a policy or custom which resulted in the infringement of the plaintiff's constitutional rights. *See Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th

Cir.1984). Accordingly, Lacey fails to state a claim upon which relief can be granted against Galveston County.

### C. Lacey's Claims Do Not Merit Relief Under 42 U.S.C. § 1983

Likewise, Lacey does not demonstrate that he is entitled to relief in this instance. As noted above, Lacey does not request monetary damages. Instead, he seeks only injunctive relief. As Lacey concedes in his more definite statement, Jail officials placed a rubber mat in the shower the day after he fell. Lacey discloses further that he received medical care following his slip and fall on May 31, 2006. He was seen in the Jail Medical Department, where he was given Ibuprofen and ice packs for pain. Court records from another case filed by Lacey in this district reflect that he received additional medical care following his May 31, 2006 slip in the shower. *See Lacey v. Galveston County Sheriff's Dep't*, Civil No. G-06-0441 (S.D. Tex.) (Doc. # 36, Exhibit 3, Medical Records relating to Inmate Rodrick Lacey).[3] Lacey, who does not demonstrate a constitutional violation in this case, fails to show that an injunction is warranted under these circumstances or that he is entitled to relief under 42 U.S.C. § 1983.

In this case Lacey alleges that Jail officials were negligent for failing to maintain the shower adequately or to place a rubber mat in the shower to prevent his fall. Allegations of negligence are not sufficient to maintain an action under 42 U.S.C. § 1983. *See, e.g., Daniels*

---

[3] These records show that Lacey was examined on May 31, 2006, and treated with Ibuprofen twice a day for seven days for swollen ribs and a strained left wrist. The records also show that Lacey was examined again on June 15, 2006.

*v. Williams*, 474 U.S. 327 (1986) (concluding that the constitution "is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "lack of due care . . . simply does not approach the sort of abusive government conduct" which rises to the level of a constitutional violation); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995) (finding allegations that prison officials negligently jeopardized an inmate's safety insufficient to state a failure-to-protect claim under 42 U.S.C. § 1983); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (emphasizing that allegations of negligence are simply insufficient to impose liability under § 1983). The pleadings do not otherwise establish that Jail officials were aware of, but deliberately disregarded, a substantial risk to Lacey's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Accordingly, Lacey's allegations of negligence do not demonstrate that officials failed to protect him from harm in violation of his constitutional rights.

Lacey likewise fails to show that, by denying him a "wrap" for his ribs or a CAT scan, he was denied adequate medical care in violation of his constitutional rights. To prevail, Lacey must show that officials acted with deliberate indifference to a serious medical condition.[4] Lacey does not dispute that he received medical care following his slip in the

---

[4] It appears from the record that Lacey was a pretrial detainee at the time he fell from his bunk bed. The Fifth Circuit has recognized that there is no significant distinction between pretrial detainees and convicted inmates concerning basic human needs such as medical care. *See Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001) (citing *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc)), *cert. denied*, 534 U.S. 1136 (2002). Therefore, "[a] pretrial detainee's constitutional right to medical care, whether in prison or other custody,
(continued...)

shower. To the extent that Lacey disagrees with the level of care that he received, the Fifth Circuit has held repeatedly that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs and does not present a constitutional violation. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977); *see also Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances."). Even if a lapse in professional judgment occurred, any such failure amounts to mere negligence or malpractice, and not a constitutional violation. *See Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993)). Therefore, Lacey fails to allege a constitutional violation in connection with the alleged denial of adequate care under the applicable legal standard.

---

[4](...continued)
flows from the procedural and substantive due process guarantees of the Fourteenth Amendment." *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). "Liability for failing to provide such care attaches if the plaintiff can show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." *Id.* (citing *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996)).

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that Lacey has failed to state a claim upon which relief can be granted for purposes of 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on March 5th , 2008.

_____
Nancy F. Atlas
United States District Judge